UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LAWRENCE D. MOSES, SR. and )
ELIZABETH L. MOSES, )
    Plaintiffs, )
)
v. )    C.A. No. 21-299-JJM-LDA
)
ASPEN AMERICAN INSURANCE )
COMPANY and ALLIANT )
INSURANCE SERVICES, INC., )
    Defendants. )

## ORDER

This matter involves the validity of a New York state-court civil judgment, entered by default, enforced in the Rhode Island Superior Court, and upheld on appeal by the Rhode Island Supreme Court. Now, Plaintiffs seek federal relief and Defendants say, "enough is enough."

### I. FACTS

Jeremy Moses ("Jeremy") was the president of a steel fabrication company called Heavy Metal Corp. ("HMC") and a precast fabrication company called East Coast Precast and Rigging, LLC. To perform certain construction activities in New York, HMC was required to obtain bonds to secure mechanic liens, performance, and payment obligations. Defendant Aspen American Insurance Company ("Aspen"), an insurance company licensed to issue surety bonds, issued "Payment and Performance Bonds" to HMC. Defendant Alliant Insurance Services, Inc. ("Alliant") served as insurance broker and bonding agent for HMC. HMC, Jeremy, and his parents

Lawrence and Elizabeth Moses ("the Moseses") executed the bonds, which were secured by a General Agreement of Indemnity ("Indemnity Agreement"). The Indemnity Agreement included the notarized signatures of Jeremy and the Moseses. The Indemnity Agreement has a New York choice of law and forum selection clause.

HMC encountered problems in connection with certain construction projects, which resulted in Aspen being required to pay claims under the bonds. Aspen then made a demand to the Moseses for payment under the Indemnity Agreement. When payment was not received, Aspen filed suit in New York against the Moseses under the Indemnity Agreement ("N.Y. Proceeding") and obtained service on them.

The Moseses did not answer or respond to the complaint. Default judgment entered against them in the N.Y. Proceeding. The default judgment noted that the Moseses were served properly, but "failed to appear [and] answer or otherwise move against the complaint * * *." Following a hearing on damages, the court in the N.Y. Proceeding entered judgment for HMC for $301,378.49 against the Moseses ("N.Y. Judgment").

Aspen sought to enforce the N.Y. Judgment by filing the authenticated judgment in the Rhode Island Superior Court under the Uniform Enforcement of Foreign Judgments Act, R.I. Gen. Laws § 9-32-1. The Moseses filed a motion in the Rhode Island Superior Court to vacate the N.Y. Judgment claiming that the New York court lacked personal jurisdiction, alleging that the Moseses "never signed nor authorized anyone to sign the General Agreement of Indemnity." The Moseses each submitted an affidavit stating that the N.Y. Judgment was void *ab initio* because

their signatures were forged, they never signed the Indemnity Agreement, and that they had not authorized anyone to sign it on their behalf.[1] The Rhode Island Superior Court found that the Moseses did not meet their burden of rebutting the presumption of due execution by a notary's signature.

On appeal, the Rhode Island Supreme Court in *Aspen Am. Ins. Co. v. East Coast Precast & Rigging, LLC*, 252 A.3d 249, 257 (R.I. 2021) affirmed the Rhode Island Superior Court's decision and the validity of the N.Y. Judgment, holding, inter alia, that the Moseses' bald assertion of forgery did not rebut the presumption under New York law. The Moseses' forgery evidence did not approach the demanding criterion of "'proof so clear and convincing so as to amount to a moral certainty ***.'" *Id.* (quoting *Kanterakis v. Minos Realty I, LLC*, 55 N.Y.S. 3d 452, 454 (2017)). Rather, the court found that the evidence of the Moseses' prelitigation conduct tended to suggest that any evidence of forgery is of "doubtful character." *Aspen*, 252 A.3d at 257.[2] Moreover, the court also found the Moseses relied on case law to support their position that was "not even remotely on point," that their "arguments [were] not even remotely well founded," and that their handling of the matter before the Rhode Island Superior Court was "fundamentally and distressingly inaccurate." *Id.* at 258-59.

Not satisfied with the New York court judgment or the mandate of both of the Rhode Island state courts, the Moseses filed this federal action. Defendants move to

---

[1] Before filing of the motion, the Moseses never told Defendants that their signatures had been forged. Lawrence Moses said in his affidavit that he did not previously mention the alleged forgery to Aspen or Aspen's counsel to avoid implicating his son Jeremy.

[2] Aspen provided several affidavits to the Rhode Island Superior Court.

3

dismiss (ECF Nos. 16, 23), the Moseses object (ECF Nos. 21, 27), and Defendants replied. ECF Nos. 22, 28.

## II.   ANALYSIS

Aspen moves to dismiss the complaint against it on three grounds: the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; the New York courts have exclusive jurisdiction over this matter because of the forum selection clause in the Indemnity Agreement; and res judicata. ECF No. 16. The Moseses respond claiming that *Rooker-Feldman* does not apply because it is not a direct attack on the N.Y. Judgment; the forum selection clause does not apply to the Payment Bonds, only the lien bonds; and res judicata does not bar the claims because they seek relief that is distinct and separate from the N.Y. Judgment. ECF No. 21. Alliant moves to dismiss claiming this Court lacks personal jurisdiction over it; the claims are time-barred; and the complaint does not state a claim upon which relief can be granted. ECF No. 23. The Moseses respond to Alliant claiming this Court has both general and specific jurisdiction; the matter was timely filed; and they have stated a valid claim. ECF No. 27.

### A.   ASPEN'S MOTION TO DISMISS

#### 1. Rooker-Feldman

The *Rooker-Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

4

Critical to the Court's consideration of this doctrine is "whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 66 (1st Cir. 2018) (citing *Federacion de Maestros de P. R. v. Junta de Relaciones del Trabajo de P. R.*, 410 F.3d 17, 24 (1st Cir. 2005)).

The Court finds that the Amended Complaint asks this Court to review and reject—whether explicitly or implicitly—the N.Y. Judgment and Rhode Island state-court decisions. The Amended Complaint alleges that Aspen procured and enforced the Indemnity Agreement wrongfully and seeks an injunction prohibiting Aspen from enforcing the N.Y. Judgment and the Rhode Island state-court decisions. Specifically, the Amended Complaint seeks:

> compensatory and punitive damages[] to redress Defendant's bad faith conduct relating to negligent and fraudulent issuance of surety bonds and obtaining a default judgment against Plaintiffs in the State of New York, and registering the judgment in Rhode Island Superior Court in the amount of three hundred and one thousand three hundred and seventy-eight dollars and 49/100 ($301,378.49).

ECF No. 8 ¶ 1.[3] In fact, the entire Amended Complaint is based on the Moseses' position that the New York court got it wrong in entering judgment for the Defendants here. The Moseses' Amended Complaint here is an end-run around the

---

[3] The Moseses echoed this when they filed for a temporary restraining order, complaining that "[b]ecause of their conduct and actions, Aspen and Alliant caused the Plaintiffs to wrongfully incur a judgment in the amount of three hundred and one thousand three hundred and seventy-eight dollars and 49/100 ($301,378.49)." ECF Nos. 9 at 2 and 9-1 at 17.

5

N.Y. Judgment and Rhode Island state-court cases – precisely the situation that the Rooker-Feldman doctrine prohibits. This Court lacks jurisdiction.

### 2. *Forum Selection*

The Indemnity Agreement includes a mandatory forum selection clause designating New York as the forum in which all disputes will be litigated. All parties consented to the jurisdiction of the New York courts. The clause provides that

> "Choice of Law and Forum. It is mutually agreed that this Agreement is deemed made in the State of New York and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. Indemnitors agree that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consent to the personal jurisdiction and venue of any local state or federal court located therein."

Both the New York court and the Rhode Island courts have validated and enforced the forum selection clause of the Indemnity Agreement. If there were any further justiciable issues about the Indemnity Agreement, which this Court explicitly holds there is not, it would have to be litigated in the New York courts. This Court must also dismiss this matter because of the forum selection clause controls here.

### 3. *Res Judicata*

"[U]nder New York's transactional analysis approach to res judicata, 'once a claim is brought to final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *In re Hunter*, 4 N.Y. 3d 260, 269 (N.Y. 2005) (quoting *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1159 (N.Y. 1981)); *Richter v. Sportsmans Props., Inc.*, 918 N.Y.S. 2d 511, 513 (N.Y. App. Div. 2011). A judgment

6

by default is conclusive for res judicata purposes and covers all issues that the parties raised or could have raised. *Eaddy v. U.S. Bank N.A.*, 180 A.D. 3d 756, 758 (N.Y. App. Div. 2nd Dep't 2020).[4]

Here the Moseses' claims arise from the transactions involving the Indemnity Agreement, which have been fully and fairly litigated. Res judicata also bars the Moseses' attempt to relitigate this matter in a third forum.

### B. ALLIANT'S MOTION TO DISMISS

Alliant moves to dismiss this case, arguing that this Court has no personal jurisdiction over it. Alliant is not located in Rhode Island but incorporated in Delaware with its principal place of business in California. The Moseses contend that this Court does have personal jurisdiction over Alliant because it does business in the state, but in the alternative, it requests jurisdictional fact discovery.

The Court need not reach this issue, however, because the Court must dismiss most claims against Alliant because the Moseses did not bring them within the applicable statute of limitations. The remaining claim, breach of contract, fails because it does not state a claim upon which relief can be granted.

---

[4] The Moseses' argument that the Amended Complaint is not barred by the doctrine of res judicata because New York lacks a compulsory counterclaim rule has no merit. New York has declared that a party cannot remain "silent" in the first action and then seek relief that is inconsistent with or impairs the first judgment. *Henry Modell & Co. v. Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y.*, 68 N.Y.2d 456, 461-62 (1986).

### 1. *Statute of Limitations*

This claim is subject to a three-year statute of limitation under R.I. Gen. Laws § 9-1-14.1 ("an action for medical, veterinarian, accounting, or *insurance or real estate agent or broker malpractice* shall be commenced within three (3) years from the time of the occurrence of the incident that gave rise to the action. . .") (emphasis added).[5] According to the Moseses' Amended Complaint, any cause of action accrued in February 2018. ECF No. 8 ¶¶ 85-88. Because the Moseses did not file their complaint until July 16, 2021, more than three years after the claim accrued, all their claims, except for Count One, breach of contract, are time-barred.[6]

### 2. *Breach of Contract – Failure to State a Claim*

The Moseses do not allege that there was a contract of any sort between Plaintiff Elizabeth L. Moses and Alliant. Although they make a conclusory allegation that there was a contract between Plaintiff Lawrence D. Moses, Sr. and Alliant, they do not allege any of the elements of contract formation – they do not allege an offer, acceptance, consideration, mutuality of agreement, or mutuality of obligation. In fact, the Moseses do not allege a single term of a purported agreement, much less one that they claim Alliant to have breached. Count One alleging breach of contract does not state a claim upon which relief may be granted.

---

[5] The Moseses assert in their opposition that "Alliant is not an insurance broker in Rhode Island." ECF No. 27-1 at 18. However, in their Amended Complaint they allege that "Alliant is an insurance broker licensed to do business in the State of Rhode Island." ECF No. 8 at ¶ 9.

[6] While the Moseses reference the discovery rule, they do not develop any argument that the discovery rule applies here considering the allegations in the Amended Complaint.

## III.   CONCLUSION

The rule of law and the administration of justice requires that there be an end to litigation. The various legal concepts discussed exist to effectuate this axiom. Both the New York court and the Rhode Island courts have provided the Moseses with the forums to litigate their dispute. Both state courts have definitively declared the validity and enforceability of the N.Y. Judgment. This Court has no jurisdiction over this case and agrees that enough is enough. The Court GRANTS Defendants' Motions to Dismiss. ECF Nos. 16 and 23.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

November 2, 2021

9